**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| JOSHUA C. BARLOW, | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | *     Civil No. 24-3643-BAH |
| UNITED STATES OF AMERICA DEPARTMENT OF DEFENSE, | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Joshua C. Barlow ("Plaintiff") brought suit against the United States Department of Defense ("Defendant") alleging negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. ECF 1. Pending before the Court is Defendant's Motion to Strike. ECF 47. Plaintiff filed an opposition, ECF 48, and Defendant filed a reply, ECF 52. Also pending before the Court is Plaintiff's Motion for Leave to File Surreply.[1] ECF 57. Defendant filed an opposition, ECF 58, and Plaintiff filed a reply, ECF 61. All filings include memoranda of law, and some filings include exhibits.[2] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Defendant's Motion to Strike is **DENIED** and Plaintiff's Motion for Leave to File a Surreply is **DENIED**.

---

[1] The Court will decide the other motions pending in this matter in due course.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

## I.   BACKGROUND

Plaintiff commenced this FTCA action alleging that Defendant negligently exposed him to a toxic worksite and that such exposure caused Plaintiff's leukemia.  ECF 1, at 2–3.  On March 10, 2025, the Court issued an initial scheduling order, which set May 9, 2025 as the deadline for Plaintiff's Rule 26(a)(2) disclosures and July 23, 2025 as the deadline for all discovery.  ECF 12, at 2.  After several modifications (*see* ECFs 20; 28; 38), the Court set February 27, 2026 as the final deadline for Rule 26(e)(2) supplementation of disclosures and responses.  ECF 38, at 1.  The Court later set the deadline for dispositive pretrial motions as July 24, 2026.  ECF 46, at 2.  Although this deadline has just passed, the parties requested that the current scheduling order remain in place despite the pending nature of these motions.  *See* ECF 62 (joint status report); ECF 63 (order approving status report).

Both motions stem from supplemental answers Plaintiff disclosed after the fact discovery deadline of September 26, 2025.  *See* ECF 29, at 1.  On May 8, 2025, Defendant served Interrogatory No. 6, requesting that Plaintiff "identify the name, address, and telephone number of each person [he] know[s] or suspects to have discoverable information [he] may use to support [his] claim that toxic exposure caused [his] hairy cell leukemia."  ECF 47-1, at 2.  Plaintiff served his responses on June 18, 2025.  *Id.*  After the close of fact discovery, Plaintiff served supplemental answers to Interrogatory No. 6 on February 27, 2026, identifying three new fact witnesses to support his claims.  *Id.* at 2–3.

The three new fact witnesses—Mr. Clayton Maas, Ms. Deleashia Jordan, and Mr. John Stout—differ in nature from the fact witnesses Plaintiff previously identified in response to Interrogatory No. 6.  *See* ECF 47-2, at 13.  Originally, Plaintiff identified Dr. Bushra Waseem, Dr. Sriram Balasubramanian, and Dr. Theresa Long, all medical doctors, as witnesses who may "have discoverable information" regarding toxic exposure as the cause of Plaintiff's leukemia.  *Id.* at 9.

2

The three new witnesses, in contrast, are current and former employees of Freestate Challenge Academy ("FCA"), and were employed during Plaintiff's term of employment there, the premises of which are at the heart of this lawsuit.[3] ECF 47-2, at 13. Mr. Maas can testify to Plaintiff's presence at Aberdeen Proving Ground and that the facility had "visibly brown water." *Id.* Ms. Jordan can testify that she marched cadets through the Skipper Point housing area, which was being "evacuated and demolished due to contaminated groundwater." *Id.* Mr. Stout can testify that he "observed no signs specifically warning of toxins" in areas where cadets were marched through. *Id.*

On April 13, 2026, Defendant filed a motion to prevent Plaintiff from relying on the three new fact witnesses pursuant to Fed. R. Civ. P. 37(c)(1), alleging that Plaintiff disclosed them "for the first time" to Defendant on February 27, 2026, "over five months after the close of fact discovery." ECF 47-1, at 2. Defendant argues that Fed. R. Civ. P. 37(c)(1) "automatically precludes Plaintiff[] from relying" on the new witnesses because their delayed disclosure "was neither substantially justified nor harmless." ECF 47-1, at 2. On April 24, 2026, Plaintiff filed a response in opposition. ECF 48. Plaintiff contends that Defendant's argument "rests on timing alone" and that "timing without prejudice is insufficient to justify exclusion" under Rule 37(c)(1). *Id.* at 2 ¶ 5. Plaintiff argues that Defendant's motion "should be denied" because "there is no trial date, no disruption, and no incurable prejudice." *Id.* ¶ 6. Defendant's reply, filed on May 6, 2026, contends that Rule 37(c)(1) applies to the exclusion of witnesses "who were not timely disclosed . . . even if a trial date has not been set." ECF 52, at 2.

---

[3] While FCA is not mentioned by name in the complaint, Plaintiff's supplemental responses to Interrogatory No. 6 strongly suggest that FCA is the site where Plaintiff is alleging he was exposed to toxic waste. *See* ECF 47-2, at 13 ("Mr. Maas can testify that Plaintiff worked at FCA during the relevant time period . . . Mr. Maas is also aware that a colleague, Mr. Jackson, died of cancer during Plaintiff's period of employment.").

3

On May 19, 2026, Plaintiff filed a motion for leave to file a surreply. ECF 57. The motion contends that Defendant's reply "raises additional arguments and/or characterizations" to which "Plaintiff has not yet had an opportunity to respond." *Id.* at 1. On May 21, 2026, Defendant filed a response in opposition. ECF 58. Defendant contends that Plaintiff's "motion identifies no new arguments to justify a surreply." *Id.* at 2. On May 26, 2026, Plaintiff filed a reply. ECF 61. Plaintiff contends that Defendant's reply to the motion to strike "for the first time materially expanded its reliance upon modification of the scheduling order and reframed Plaintiff's requested relief as requiring the Court to 'disregard' the scheduling order entirely." *Id.* at 1–2. The motions are now ripe for resolution.

## II.    LEGAL STANDARD

### A.    Rule 37(c)(1) Sanctions for Violations of Rule 26(a)

Rule 26(a) governs the disclosure of witnesses whom a party "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). "A party . . . who has responded to an interrogatory . . . must supplement or correct its disclosure . . . in a timely manner . . . ." Fed. R. Civ. P. 26(e)(1)(A). The basic purpose of Rule 26 "is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014); *see also Wilkins v. Montgomery*, 751 F.3d 214, 221 (4th Cir. 2014). If a party fails to disclose the identity of a witness pursuant to Rule 26, "th[at] party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added). Generally, courts have "broad discretion" in determining whether a failure to disclose evidence is substantially justified or harmless. *Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). It is the nonmoving party's burden to "show that its failure

4

to comply with Rule 37(c)(1) was either justified or harmless." *Southern States*, 318 F.3d at 596 (cleaned up) (quoting *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2011)).

*Southern States* lays out a five-factor test to guide the court in its analysis: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* "The first four factors of this test 'relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception.'" *Lilly v. Baltimore City Police Dep't*, Civ. No. BAH-22-2752, 2025 WL 1709856, at *11 (D. Md. June 17, 2025) (quoting *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017)). A district court is not "*required*" to analyze each of the *Southern States* factors before applying Rule 37(c)(1). *Wilkins*, 751 F.3d at 222 ("*Southern States* explains that district courts have 'broad discretion' to decide harmlessness and 'should'—not 'shall'—'be guided by' the five factors." (citations omitted)).

When this standard is not met, Rule 37(c)(1) contemplates the exclusion of the untimely disclosed information. *See* Fed. R. Civ. P. 37(c)(1). "For the sanction of exclusion to apply, Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011). "[E]xcluding evidence only when the non[-]disclosing party acted in bad faith would undermine the basic purpose of Rule 37(c)(1): preventing surprise and prejudice to the opposing party." *Southern States*, 318 F.3d at 596. However, exclusion from use at trial or on a motion is not the only sanction that Rule 37(c) provides. "In addition to or instead of" the sanction of exclusion, the court may order the nonmoving party to pay "reasonable expenses . . . caused by the failure" or "may inform the jury

5

of the party's failure." Fed R. Civ. P. 37(c)(1)(A)–(B). The court may also "impose other appropriate sanctions," including but not limited to sanctions authorized for failure to obey a discovery order under subsection (b)(2)(A). Fed. R. Civ. P. 37(c)(1)(C). For example, the court may prohibit the sanctioned party "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).

### B.    Motion for Surreply

Filing of a surreply is not permitted without explicit court permission. *See* Loc. R. 105.2(a) (D. Md. 2025). "Though surreplies are generally not permitted . . . the Court in its discretion may allow a party to file a surreply." *Boland v. Amazon.com Sales, Inc.*, 628 F. Supp. 3d 595, 599 (D. Md. 2022) (citing *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015)). "This discretion is typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs." *Id.* (citations omitted).

### III.    ANALYSIS

#### A.    Defendant's Motion to Strike

The Court begins with an analysis of each of the harmlessness and substantial justification factors set forth in *Southern States* to determine whether Plaintiff's delayed disclosure under Rule 26(a) warrants Rule 37(c)(1) sanctions. The first three factors along with the fifth factor relate to a finding of harmlessness, while the fourth factor relates to substantial justification. *Bresler*, 855 F.3d at 190.

##### 1.    *Surprise to the Non-Disclosing Party*

The Fourth Circuit has characterized the purpose of Rule 37(c)(1) as "preventing surprise and prejudice to the opposing party." *Southern States*, 318 F.3d at 596. Defendant contends that

6

surprise is present here because Defendant "'was not aware that Plaintiff intended to rely on' the Three New Fact Witnesses" before Plaintiff's late disclosure of the witnesses' existence. ECF 47-1, at 5 (quoting *Lilly*, 2025 WL 1709856, at *11). Plaintiff contends that Defendant's "asserted surprise is speculative rather than concrete." ECF 48-1, at 6. Plaintiff argues that meeting the surprise factor requires "a showing of actual prejudice, not conjecture." *Id.* (quoting *Hoyle v. Freightliner*, 650 F.3d 321, 329–30 (4th Cir. 2011)). Neither *Hoyle* nor any other Fourth Circuit precedent known to this Court defines surprise as requiring a showing of actual prejudice. Rather, surprise occurs when the disclosing party's responses were "insufficient to alert" the opposing party of their intention to use such a witness during trial. *Hoyle*, 650 F.3d at 330 (citations omitted). That is what happened here.

Plaintiff argues that the present posture of the case, namely, that "[n]o trial date has been set," is "dispositive" of the inquiry. ECF 48-1, at 3. However, Plaintiff is incorrect. In actuality, "the first four factors of [the *Southern States* test] 'relate primarily to the harmlessness exception,'" and thus the lack of a trial date or any one factor alone is not dispositive of the issue. *Lilly*, 2025 WL 1709856, at *11 (quoting *Bresler*, 855 F.3d at 190). In *Southern States*, the Fourth Circuit found surprise when plaintiff's expert disclosed a new opinion for the first time during voir dire on the third day of trial after twice affirming that his former opinions were complete. 318 F.3d at 598. The Fourth Circuit has also found surprise where a party disclosed a witness's identity almost three months after the scheduling order deadline, but less than four months before trial was set to start. *See Clear Touch Interactive, Inc. v. Ockers Co.*, 171 F.4th 715, 731 (4th Cir. 2026). Important to the court's findings in *Clear Touch Interactive* was the deprivation to the non-disclosing party of "the opportunity to depose [the witness], learn his expected testimony, prepare to cross-examine him, and present its case to account for his expected testimony." *Id.*

7

The facts of the present case are distinguishable from *Southern States* and *Clear Touch Interactive*, where here a trial date has not been set and thus the delayed disclosure has not meaningfully impacted Defendant's ability to prepare a trial strategy. The surprise factor weighs in favor of Defendant because the discovery deadline has passed without Defendant being able to depose the newly disclosed witnesses. However, this factor should receive little weight.[4] The lack of a set trial date means that the Court can re-open discovery for the limited purpose of allowing Defendant to depose the new witnesses. *See Kline v. Singh*, Civ. No. CJC-25-0063, 2025 WL 2494377, at *3 (D. Md. Aug. 29, 2025) ("[R]eopening discovery for the narrow purpose of allowing Defendants to serve their own expert disclosures provides an adequate cure.").

### 2. *Ability to Cure the Surprise*

Closely tied to the surprise analysis is the question of whether the non-disclosing party can cure the effects of that surprise. In *Clear Touch Interactive*, the court found that "there was no practical way to cure such [] prejudice" when a witness identity was disclosed for the first time less than four months before trial. 171 F.4th at 731. In contending that they are unable to cure the surprise, Defendant relies heavily on *Lilly* (*see* ECF 47-1, at 4–6), where this Court found surprise sufficient to warrant exclusion under the *Southern States* analysis. 2025 WL 1709856, at *11.

However, the procedural posture of the present case differs significantly from *Lilly*, where the disclosing party filed an amended affidavit in response to the opposing party's motion for summary judgment. *Id.* In *Lilly*, the failure to disclose left the non-disclosing party with "little in

---

[4] This is so even considering the burden that re-opening discovery places on Defendant. Defendant contends that allowing the three new witnesses to testify would require "fully re-open[ing] expert discovery to allow the experts to consider their testimony." ECF 47-1, at 5. However, it is unlikely that the three new witnesses, as lay witnesses, have much if anything to testify pertaining to causation. *See infra* Section III.A.5; *see also infra* note 5. Therefore, it is unlikely that these witnesses' testimonies will impact the experts' opinions.

the way of recourse or impeachment" because the parties would have had to "order a second round of summary judgment briefing." *Id.* The present case sits at an earlier stage of litigation where the deadline for summary judgment motions has only just passed. *See* ECF 46, at 2 (setting the dispositive motions deadline for July 24, 2026). At the current procedural posture of this case, although discovery has closed, the parties may request a limited-purpose re-opening of discovery and modification of the scheduling order without disruption to any trial schedule, and thus the Defendant "retains the full ability to mitigate any alleged prejudice through ordinary discovery mechanisms." ECF 48-1, at 5. The surprise can effectively be cured by a limited re-opening of discovery to allow Defendant to depose the new witnesses. *See, e.g., Kline*, 2025 WL 2494377 at *3 ("[A]lthough Plaintiff's disclosure was untimely, insufficient, and unjustified . . . [t]he Court can adequately minimize the prejudice to Defendants through a limited reopening of expert discovery."). The ability to cure surprise factor weighs slightly in favor of Plaintiff, given that although the dispositive motions deadline has passed, limited discovery re-opening still exists as a potential cure.

        3.    *Extent to Which Allowing the Testimony Would Disrupt the Trial*

In *Southern States* itself, exclusion was proper when an expert witness' new opinion was disclosed during voir dire on the third day of trial. 318 F.3d at 599. Here, both parties agree that the trial disruption factor does not weigh against Plaintiff because a trial in this matter has not been scheduled. ECF 37-1, at 6; ECF 48-1, at 4–5. Courts in this Circuit have regularly found no disruption risk where a trial date has not yet been set. *See, e.g., Malinowski v. The Lichter Group, LLC*, 165 F. Supp. 3d 328, 337 (D. Md. 2016) ("[L]ate disclosure would have no bearing on the calendar for a trial that has not yet been scheduled."); *see also Hatami v. Hatami*, Civ. No. 14-4004-WDQ, 2015 WL 4509815, at *3 (D. Md. July 24, 2015) ("[N]o trial date has been set, and

therefore surprise on the eve of trial as a result of Plaintiff's late submission is not a concern."); *Gregg v. Strawderman*, Civ. No. ELH-23-2270, 2026 WL 770001, at *40 (D. Md. March 18, 2026) ("[G]iven that no trial date has yet been set, any prejudice to plaintiff can be cured by permitting plaintiff to depose the expert and to retain a rebuttal expert, if she so chooses."). In *Southern States*, admitting an expert's newly formed opinion after trial began "would have significantly disrupted the trial" because "witnesses from distant places had testified and if the case were continued and tried again, much of the parties' trial preparation would be rendered obsolete." 318 F.3d at 598. Such is not in the case in the present instance where trial has not only not begun but has not even been scheduled. Therefore, the trial disruption factor weighs in favor of Plaintiff.

4.    *Explanation of Plaintiff's Failure to Name the Witness Before Trial*

This factor "relates mainly to the substantial justification exception [to Rule 37(c)(1)].'" *Bresler*, 855 F.3d at 190. In *Southern States*, the Fourth Circuit affirmed the exclusion of an expert's newly disclosed opinion in part because the disclosing party "could not 'explain why it did not supplement its discovery responses when it knew of . . . [the expert's] new, third opinion formed on the Monday the trial began.'" 318 F.3d at 598 (citations omitted).

Defendant contends that "[Plaintiff's] untimely disclosure of [the three new witnesses] was n[ot] substantially justified." ECF 47-1, 2. To date, Plaintiff has offered no explanation for their failure to supplement their responses to Interrogatory No. 6 with the identities of the three new witnesses until five months after the close of fact discovery. ECF 47-1, 6; *see also* ECF 48; ECF 48-1. Defendant contends that "[P]laintiff appears to have known of" the existence of the three new witnesses before Defendant served interrogatories seeking their identity in May of 2025. ECF 47-1, 2. Plaintiff has not rebutted this contention. *See* ECF 48. In fact, in their opposition, Plaintiff does not reference the explanation factor at all. *See id.* While the lack of explanation does not

constitute harm under Rule 37(c)(1), it does constitute a lack of "substantial justification" for the belated disclosure. *See Bresler*, 855 F.3d at 190. Therefore, with the explanation factor weighing in favor of Defendant, Plaintiff is unable to satisfactorily argue the substantial justification exception to avoid the consequences of Rule 37(c)(1). Plaintiff's only available recourse from the sanction of Rule 37(c)(1) would be if the factors related to harm, considered together, weigh in Plaintiff's favor. The Court's analysis now turns to the last factor dealing with harm to the non-disclosing party, the importance of the testimony Plaintiff seeks to introduce.

### 5. *Importance of the Testimony*

The importance of a witness' testimony "must be viewed [] from the perspective of both parties." *Rambus, Inc. v. Infineon Technologies AG*, 145 F. Supp. 2d 721, 734 (E.D. Va. 2001). Equally important to the disclosing party's ability to present testimony central to their claim is that the non-disclosing party "be in a position to meet that testimony." *Id.* at 735; *see also Southern States*, 318 F.3d at 598–99 ("The fact that the expert's testimony . . . might have been helpful to [the plaintiff's] case in the eyes of the jury also points out why it should have been disclosed in a timely manner to [the defendant]." (citations omitted)).

In the present case, Defendant served Interrogatory No. 6 in May 2025, asking Plaintiff to identify "each person [he] know[s] or suspect[s] to have discoverable information [he] may use to support [his] claim that toxic exposure caused [his] hairy cell leukemia." ECF 47-2, at 9. Plaintiff contends that "[e]xcluding [the three new witnesses'] testimony would materially impair Plaintiff's ability to present his case on the merits." ECF 48-1, at 6. Before the new disclosure at issue in this motion, Plaintiff had identified three doctors in response to Interrogatory No. 6. In contrast, the three new witnesses are Plaintiff's former colleagues from his term of employment at FCA, the premises of which appear central to this lawsuit. ECF 47-2, at 13.

11

To be sure, it is important for Plaintiff to be able to offer evidence regarding the conditions of the FCA facility at which he contends he was exposed to toxic waste. However, if the new witnesses were excluded from trial, Plaintiff would likely have other means by which to prove the conditions of his workplace environment, specifically through his own testimony as to his workplace conditions. As such, the witnesses are not so important as to weigh this factor strongly in favor of Plaintiff.[5] Likewise, because the new witnesses are not so important as to necessitate their earlier disclosure to avoid Defendant "mount[ing] a defense which it has prepared based on entirely different theories," their late disclosure does not weigh in favor of Defendant. *Rambus, Inc.*, 145 F. Supp. 2d at 735; *see also London v. Washington Metropolitan Area Transit Authority,* Civ. No. AAQ-21-01497, 2023 WL 3727058, at *8 (D. Md., May 30, 2023) ("[A]lthough Plaintiff's failure to provide an explanation for its failure to provide a summary of Dr. Tashakor's opinions cuts against her, this alone is not a basis to deny her the opportunity to supplement the record."). Therefore, this factor is neutral, being evenly balanced between both parties.

Analysis of the *Southern States* factors applied to the facts and circumstances of the present case, with specific emphasis on the fact that no trial date has been set and any surprise to Defendant can be cured with a limited discovery re-opening upon request, reveals that although there is no justification for Plaintiff's belated disclosure, such disclosure resulted in no harm to Defendant. On the issue of harm, the surprise factor weighs in favor of Defendant, while the ability to cure surprise and disruption to trial factors weigh in favor of Plaintiff. The importance of the testimony factor weighs towards neither party. Therefore, the Defendant's Motion is denied. The Court will,

---

[5] It appears unlikely that the information that the three new lay witnesses may be able to provide would ultimately be as helpful or more helpful on the issue of causation of leukemia than the three previously disclosed witnesses, who are all medical doctors. It is not even clear, as fact witnesses, whether the three new witnesses could offer much to support causation. *See* Fed. R. Evid. 701 (limiting opinion testimony by lay witnesses).

12

however, grant a limited re-opening of discovery to allow for the surprise from the newly disclosed witnesses to be cured through depositions and an opportunity for supplementation.

### B.    Plaintiff's Motion for Leave to File Surreply

Surreplies are a unique type of filing that "are not permitted to be filed" absent express Court permission. Loc. R. 105.2(a) (D. Md. 2025). Courts usually grant leave to file a surreply "in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs." *Boland*, 628 F. Supp. 3d at 599. New matters are novel legal arguments raised in a reply that the opposing party has not been afforded the opportunity to properly address and are more than "alleged mischaracterization[s]" of facts or law. *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001); *see also EEOC v. Freeman*, 961 F. Supp. 2d 783, 802 (D. Md. 2013) (denying leave for surreply where movant intends to reiterate old arguments and where the movant has only identified "[v]ague allegations of inaccuracies alone"); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (denying leave for surreply in order to correct what the movant perceived to be the opposing party's "misrepresentations").

Plaintiff contends that Defendant's Reply "raises additional arguments and/or characterizations that were not fully addressed in Defendant's original Motion." ECF 57, at 1. Plaintiff's Motion for Leave to File Surreply does not explain the nature or content of any "new" arguments in Defendant's reply. *See id.* In fact, Defendant's arguments in their Reply are not "new" at all—they are the same arguments Defendant made in their original Motion to Exclude. *Compare* ECF 47-1 (Memorandum in Support of Defendant's Motion to Strike), *with* ECF 52 (Defendant's Reply). First, the Government reiterates that "Plaintiff's [u]ntimely [d]isclosure [i]s [n]ot [s]ubstantially justified." ECF 52, at 3. Defendant argues that when Plaintiff disclosed the three new witnesses, they "effectively change[d] the facts uncovered during discovery and relied

13

upon by the United States." *Id.* at 5. It is possible that Plaintiff interprets this contention as a new argument. Informative on this point is the fact that in Plaintiff's proposed surreply, he argues that the new witnesses "do not introduce a novel theory of liability . . . [r]ather, the witnesses provide factual observations concerning facts already at play in the litigation." ECF 57-1, at 2. However, this contention is less likely the Defendant making a new argument and more likely a reiteration of the statement of effect that Plaintiff's late disclosure had on Defendant, as the same section of the Reply argues that "[i]n the absence of any justification or explanation as to why [Plaintiff] did not timely disclose the Three New Witnesses . . . the only logical explanation appears to be . . . [a] lack of diligence." ECF 52, at 4.

In the same section of Defendant's Reply, Defendant contends that "'there is no question that [Plaintiff] was aware of these witnesses . . . before' the close of fact discovery." *Id.* (quoting *Reed v. Washington Area Metro. Transit Auth.*, Civ. No. 1:14CV65, 2014 WL 2967920, at *2 (E.D. Va. July 1, 2014)). Defendant further states that "Plaintiff's decision not to rebut this contention speaks volumes." *Id.* It is possible that Plaintiff construes this contention as a new argument. However, Defendant raised this same issue in their initial Motion. ECF 47-1, at 6. ("During the parties' March 31, 2026 meet-and-confer, Plaintiff's counsel offered no justification for waiting over eight months to supplement the responses . . . Indeed, in response to the United States' argument in its March 10, 2026 letter that Plaintiff appear to have been aware of the Three New Witnesses at least as of when the United States served Interrogatory Number 6 in May 2025, Plaintiff's counsel did not contend otherwise." (citations omitted)). It appears that the arguments Defendant makes in their reply are reiterated arguments from their original motion, and as such, Plaintiff is not entitled to file a surreply.

Defendant's Reply contains no novel matters sufficient to warrant a surreply. Further, Plaintiff's Motion does not specify which "arguments and/or characterizations" in Defendant's Reply warrant a surreply. *See* ECF 57-1, at 1. A thorough review of the motions, opposition, and reply reveal no new arguments but a rather significant number of reiterated arguments. *See* ECF 57, at 3. To the extent that there may be some "characterizations" in Defendant's Reply that Plaintiff has not yet been able to address, mere characterizations are not "new issues or legal theories" warranting an opportunity to address them at this stage in the litigation. *Interphase Garment Solutions, LLC v. Fox Television Stations, Inc.*, 566 F. Supp. 2d 460, 467 (D. Md. 2008); *see also Andrews v. Select Portfolio Servicing, Inc.*, Civ. No. RDB-09-2437, 2010 WL 1176667 at *4 (D. Md. Mar. 24, 2010). Therefore, Plaintiff's Motion is denied.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike, ECF 47, is **DENIED**. Additionally, Plaintiff's Motion for Leave to File a Surreply, ECF 57, is **DENIED**. However, the Court will re-open discovery for the limited purpose of deposing the new witnesses. The Court directs the parties to complete depositions of the three new witnesses by September 30, 2026. After taking the depositions, Defendant may supplement its motion for summary judgment with any new information learned, and Plaintiff may file a response to any supplement filed by Defendant.

A separate implementing order will issue.

Dated: <u>August 5, 2026</u>

<u>    /s/    </u>
Brendan A. Hurson
United States District Judge

15